UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TRACY C. ROBERTSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-02059-SLD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

ORDER

Before the Court are Petitioner Robertson's motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255, ECF No. 1; his amended motion to the same effect, ECF No. 6; and his motion for status conference, ECF No. 11. For the reasons that follow, his amended motion is DENIED, and the other two motions are MOOT.

**BACKGROUND[1]**

On April 26, 2010, police officers in Kankakee, Illinois served a search warrant on Robertson's house. They found cocaine, marijuana, a scale, $1,400 in cash, and a Colt .45, along with ammunition. Robertson had sustained prior felony convictions.

On June 9, 2010, Robertson was charged by federal indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Indictment, CR ECF No. 1. On February 22, 2011, Robertson pleaded guilty to the charge via a written plea agreement, CR ECF No. 12, filed pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Feb. 22, 2011 Minute Entry. The agreement contained Robertson's admission to having possessed the firearm after

---

[1] Citations to the criminal proceedings that resulted in Robertson's sentence, *United States v. Robertson*, 2:10-cr-20045-MPM-DGB-1 (C.D. Ill. 2011), are written here "CR ECF No . __." The facts recounted here, unless otherwise noted, are taken from the presentence investigation report prepared for that proceeding, CR ECF No. 25.

sustaining a felony conviction in violation of 18 U.S.C. § 922(g)(1), and also his concession that he had sustained three prior felony convictions that counted as violent felonies or serious drug offenses as defined by 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). Plea Agr. 3–5. As a result, Robertson and the government agreed, while the statutory maximum punishment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is ten years, having sustained three ACCA predicate felonies required a statutory mandatory minimum sentence of fifteen years. *Id.* at 4. The parties further agreed that Robertson's United States Sentencing Guideline ("USSG") level should be calculated as follows: a base offense level of 34, because he was an armed career criminal who possessed the weapon in connection with a drug offense, 2010 USSG §4B1.4(b)(3)(A), Plea Agr. 5; less three levels for acceptance of responsibility, 2010 USSG §§3E1.1(a), (b), Plea Agr. 5; for a total offense level of 31; and a criminal history category VI, since he was an armed career criminal, 2010 USSG §4B1.4(c)(2), Plea Agr. 6; for a guideline sentencing range of 188 to 235 months, *id.* The parties indicated their agreement that Robertson be sentenced at the low end of the guideline range. *Id.* at 6.

Robertson consented to change his plea before a magistrate judge; on February 22, 2011 he did so, and the magistrate judge recommended that the district judge accept the plea. Feb. 22, 2011 CR Minute Entry. On June 3, 2011, the district judge did so, sentencing Robertson to 188 months' incarceration. Jun 3, 2011 CR Minute Entry. Written judgment entered on June 6, 2011. CR ECF No. 27.

On March 8, 2016, Robertson petitioned this Court to reduce his sentence pursuant to 28 U.S.C. § 2255, basing his request on the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court appointed the Federal Public Defender to represent Robertson,

Mar. 8, 2016 Text Order, and ordered him to file an amended petition, Mar. 9, 2016 Text Order. That petition is now fully briefed.

## DISCUSSION

### I.  Legal Standard on a Motion to Reduce Sentence Under 28 U.S.C. § 2255

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced."). When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner seeking to vacate his sentence typically has one year to do so, from the date upon which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). However, if the right he asserts has been newly recognized and made retroactively applicable by the Supreme Court to

3

cases on collateral review, he has one year from the date the Supreme Court recognized the right. *Id.* § 2255(f)(3).

## II. Analysis

Robertson argues that one of the felony convictions used to support his sentence enhancement under the ACCA no longer qualifies as an ACCA predicate, and his sentence must correspondingly be reduced, because attempted residential burglary only qualifies as an ACCA predicate under the "residual clause" of the ACCA, which clause *Johnson* found unconstitutionally vague. Am. Pet. 1. The government appropriately concedes that Robertson's petition is timely because filed within one year of *Johnson*, Resp. 6, but argues that the claim is barred by a collateral attack waiver, *id.* at 7–8; is procedurally defaulted, *id.* at 8–10; and fails on its merits because the attempted burglary conviction "may still qualify as a violent felony under the statute's enumerated clause," *id.* at 11. Because, as explained below, the Court finds that Robertson is entitled to no relief on the merits of his claim, the Court addresses only the merits.

Robertson's argument—that his prior felony conviction for attempted residential burglary can no longer be an ACCA predicate after *Johnson*—may well be valid, as far as it goes. The government argues otherwise, but includes a full page of citations to adverse precedent from other district courts and other circuits. Resp. 13–14. However, the Court need not reach the question, because, although neither Robertson nor the government seem to have noticed it, Robertson had sustained more than three felony convictions that qualified as ACCA predicates at the time of his sentencing. Even without the use of the conviction to which Robertson objects, he had sustained at least three qualifying felony convictions.

The ACCA applies a fifteen-year mandatory minimum for violations of 18 U.S.C. § 922(g) if a defendant has sustained three or more convictions for "serious drug

4

offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by more than one year of imprisonment that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §§ 924(e)(2)(B)(i), (ii). In *Johnson*, the Court held that the final clause of subsection ii, qualifying conduct that presents a serious "potential risk" of physical injury to another as a predicate offense, was unconstitutionally vague. 135 S.Ct. at 2557. Shortly afterward, the Court declared that it had announced a substantive rule that applied to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). However, the rest of 18 U.S.C. § 924(e)(2)(B) remains intact, so that violent felonies still include those felonies with an element of the threatened, attempted, or actual use of force, and the "enumerated" felonies: burglary, arson, extortion, or crimes involving the use of explosives. *Id.* § 924(e)(2)(B)(ii). In looking to whether a particular state law conviction counts as one of these enumerated offenses, courts use a "formal categorical approach," looking not to the facts of any particular past offense, but to the statutory definition of an offense, and compare that definition to the "generic," i.e. ACCA version of the offense. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (citing *Taylor v. United States*, 495 U.S. 575 (1990)).

Robertson's argument in the instant motion depends on the incorrect assumption that his ACCA enhancement was supported by only two completed (rather than attempted) burglaries, since he acknowledges, correctly, that completed Illinois burglary, qualifies as "generic" ACCA burglary. It is true that the Presentence Investigation Report ("PSR"), CR ECF No. 25, prepared at the time of Robertson's plea, does state that Robertson qualifies as an armed career criminal

under the USSG on the basis of just three prior convictions, PSR ¶ 27, which are listed in the PSR's criminal history section: an Illinois conviction for burglary, *id.* ¶ 31; an Illinois conviction for residential burglary, *id.* ¶ 32; and an Illinois conviction for attempted residential burglary, *id.* ¶ 34. While conceding, as he did at sentencing, that the first two convictions for burglary and residential burglary qualify as ACCA predicates, Robertson now seeks relief on the basis that the last, which was a conviction for attempted burglary, should not count as an ACCA predicate post-*Johnson*.

However, the PSR also indicates that on July 30, 1991, the same day that he pleaded guilty to the residential burglary, Robertson pleaded guilty to another, separate four-count charge of burglary. PSR ¶ 33. The PSR does not rely on this conviction in declaring that Robertson qualifies as an armed career criminal for purposes of the guidelines, perhaps because, since no arrest intervened between it and the residential burglary conviction, Robertson received no criminal history points for it.[2] But regardless of their significance for Robertson's criminal history calculation under the guidelines, each of his felony burglary convictions was a "violent felony or serious drug offense . . . committed on [an occasion] different from one another." 18 U.S.C. § 924(e)(1). *See United States v. Schieman*, 894 F.2d 909, 913 (7th Cir. 1990) (adopting a "separate and distinct criminal episode" test to determine how many ACCA predicate convictions a defendant has sustained). Each of these three offenses was committed months apart from each of the others; each occurred in a separate city; Robertson pleaded guilty to charges for each contained in separate charging documents in separate cases. *See* PSR ¶¶ 31–33.

---

[2] The guidelines technically count sentences, rather than convictions, and direct that multiple sentences will be treated as separate sentences for the purposes of calculating a defendant's criminal history if the sentences imposed are for offenses separated from each other in time by an arrest, but that when sentences are not so separated, and are imposed on the same day, the sentences shall be treated as a single sentence. USSG §4A1.2(2). Since Robertson was sentenced for his first burglary conviction, his residential burglary conviction, and his second burglary conviction all on July 30, 1991, but an arrest intervened between the first burglary offense and the second two, the author of the PSR properly assessed three criminal history points for the first burglary and three for the residential burglary, but none for the second burglary. *See* PSR ¶¶ 31–33.

Thus, whether or not Robertson's final attempted residential burglary is taken as an ACCA predicate, Robertson had sustained at least three convictions for a violent felony at the time he pleaded guilty to being a felon in possession of a firearm. Robertson's sentencing enhancement was justified under 18 U.S.C. § 924(e), and he is entitled to no relief from it. *See Swank v. United States*, No. 3:07-CR-131 RM, 2016 WL 1358458, at *3 (N.D. Ind. Apr. 5, 2016) (acknowledging that a defendant's attempted burglary conviction no longer qualified as an ACCA predicate, but upholding his sentence under the ACCA on a § 2255 motion because he had four other, separate qualifying convictions at the time of sentencing). Furthermore, since the record in this case conclusively shows that Robertson is entitled to no relief, there is no need for an evidentiary hearing. 28 U.S.C. § 2255(b).

A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the applicant, it must issue or deny a certificate of appealability. 2255 R. 11(a). A certificate of appealability will issue only for those matters upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not disagree that Robertson's sentence enhancement under 18 U.S.C. § 924(e) was warranted, and that *Johnson* did not alter its applicability to his conviction. No certificate shall issue.

## CONCLUSION

Accordingly, Robertson's amended petition for relief under 18 U.S.C. § 2255, ECF No. 6, is DENIED. His original petition, ECF No. 1, and his motion for status conference, ECF No. 11, are MOOT. The Clerk is directed to enter judgment and close the case.

Entered this 24th day of July, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE