E-FILED
Thursday, 31 August, 2017 04:57:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TRACY C. ROBERTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-02059-SLD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

ORDER

Before the Court is Petitioner Robertson's motion for reconsideration of the Court's order denying his petition for habeas corpus relief under 28 U.S.C. § 2255, ECF No. 13. For the following reasons, the motion is GRANTED. Robertson's motion to cite authority, ECF No. 16, is MOOT.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

The Order whose reconsideration Robertson urges, ECF No. 12, contains a detailed summary of Robertson's offense of conviction and sentencing, which the Court will not repeat here. Jul. 24, 2017 Order 1–2. The point at issue in Robertson's motion is the number and nature of felony convictions he had already sustained when he was sentenced for being a felon in possession of a firearm pursuant to a written plea agreement on February 22, 2011. CR ECF No. 12; *see* 18 U.S.C. § 922(g)(1). In the plea agreement, Robertson conceded that he had possessed the firearm after sustaining three prior felony convictions that counted as violent felonies or serious drug offenses under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"). Plea Agr. 3–5. Robertson and the government agreed at the time that his three ACCA predicate

---

[1] Citations to the criminal proceedings that resulted in Robertson's sentence, *United States v. Robertson*, 2:10-cr-20045-MPM-DGB-1 (C.D. Ill. 2011), are written here "CR ECF No. __."

1

offenses mandated a 15-year minimum sentence, rather than the 10-year statutory maximum ordinarily applied to violations of 18 U.S.C. § 922(g). *Id.* at 4. Robertson and the government agreed that he should be sentenced at the low end of his United States Sentencing Guideline ("USSG") range, 188 months, or 8 months above his mandatory minimum. *Id.* at 6. On June 6, 2011, he was duly sentenced to 188 months' incarceration. Judgment, CR ECF No. 27.

Robertson filed his pro se petition in this Court under 28 U.S.C. § 2255 on March 8, 2016, arguing that the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 569 (2015), had made one of his predicate offenses no longer ACCA-qualifying, and that his sentence should be set aside. Pet., ECF No. 1. Robertson filed an amended petition with the assistance of counsel, ECF No. 6, in which he argued specifically that one of his three predicate offenses, for attempted residential burglary, could only have qualified as a predicate offense under the ACCA's "residual clause," which *Johnson* found unconstitutional, and that this attempted residential burglary did not qualify as "enumerated" burglary either. Am. Pet. 3–8. The Court ordered the government to respond, Mar. 16, 2016 Text Order. The government did so, opposing Robertson's request for relief on the grounds that Robertson had waived his right to collaterally attack his sentence, Resp. 7–8, ECF No. 8; that he had procedurally defaulted his claim, *id.* at 8–10; and that, although the residual clause is indeed unconstitutional, Robertson's attempted residential burglary still qualifies as an ACCA predicate because it qualifies as enumerated burglary, *id.* at 13–17.

The Court denied Robertson's petition, but did not rely on the grounds the parties fought over. Rather, the Court noted that Robertson had sustained not only the three burglary convictions that the parties agreed had formed the basis of his ACCA enhancement, but also a four-count burglary conviction in 1991, evidently for breaking into cars in Kankakaee County,

2

Illinois. Presentence Investigation Report ("PSR") ¶ 33, CR ECF No. 25; Jul. 24, 2017 Order 5–7. Because of this conviction, the Court found it unnecessary to decide whether Robertson's conviction for attempted residential burglary, PSR ¶ 34, could now qualify as an ACCA predicate. Jul. 24, 2017 Order 7. Reasoning that even without the attempted residential burglary, Robertson had sustained at least three ACCA-predicate offenses, and thus would have qualified for the enhancement anyway, the Court denied his petition and ordered that judgment be entered. *Id.* at 8. Robertson timely moved for reconsideration of the Court's order.

He argues that the Court erred because the four-count conviction was for Illinois burglary, rather than Illinois residential burglary, and was therefore too broad to count as "generic" burglary under the enumerated clause of the ACCA. Mot. Reconsider 1–4. The government responded, ECF No. 14, agreeing with Robertson that the four-count conviction for Illinois burglary did not qualify as an ACCA predicate, but repeating its argument that Robertson's conviction for attempted residential burglary does qualify. Resp. 1–7.

## DISCUSSION

### I. Legal Standard on a Motion to Reconsider and on a Motion to Reduce Sentence Under 28 U.S.C. § 2255

Under some circumstances, a party may obtain relief from a court's final judgment in a civil matter if the party so moves within a reasonable time. Fed. R. Civ. P. 60(b), (c). A party may seek relief from the judgment for a number of enumerated reasons, or for "any other reason that justifies relief." *Id.* 60(b)(6). While Rule 60 is not "a substitute for direct appeal," it can apply under "exceptional circumstances." *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 668 (7th Cir. 2014). Rule 60(b) applies with equal force to federal habeas corpus proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced."). When presented with a § 2255 motion, a district court must hold an evidentiary hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). By the same token, a hearing need not be held if the petitioner is entitled to the relief he seeks.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner seeking to vacate his sentence typically has one year to do so, from the date upon which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). However, if the right he asserts has been newly recognized and made retroactively applicable by the Supreme Court to cases on collateral review, he has one year from the date the Supreme Court recognized the right. *Id.* § 2255(f)(3).

**II.     Analysis**

Robertson and the government agree that the Court's previous ruling relied on erroneous grounds, but disagree whether judgment should be set aside, restating as justification the bases they asserted in their original motion and response. As explained below, the Court agrees with the parties that its earlier ruling rested on an incorrect analysis; furthermore, the Court agrees with Robertson's original argument that his attempted residential burglary no longer qualifies as an ACCA predicate. Because Robertson is entitled to a resentencing, and because, as he has represented in his motions for status in this case, ECF Nos. 10, 11, such a resentencing may result in a guideline range below the sentence he has already served, the Court finds that the circumstances are exceptional, and it is appropriate, pursuant to Rule 60(b)(6), to set aside the Court's earlier order denying Robertson relief, and the judgment. While Rule 60(b) is not a substitute for direct appeal, expediency and the nature of Robertson's situation authorize a speedy correction of the Court's error under the Rule. Moreover, this case does not present concerns about the use of Rule 60 motions as a substitute for direct appeal. The parties and the Court agree that the earlier order rested on erroneous grounds. Correcting the error promptly merely does the work that the appellate court would be bound to do had Robertson resorted to an appeal of the Court's earlier order, and makes ready for appellate review immediately the Court's ruling on the merits of the parties' arguments.

## I. The Court's Earlier Denial of Robertson's Petition

The ACCA mandates a fifteen-year minimum sentence for violations of 18 U.S.C. § 922(g) if a defendant has sustained three or more convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by more than one year of imprisonment that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §§ 924(e)(2)(B)(i), (ii). In determining whether an offense counts as a violent felony, courts must apply the so-called "categorical approach," looking not to external evidence about prior convictions, but just to the statutory definition of the offense itself. *Taylor v. United States*, 495 U.S. 575, 600 (1990). In *Johnson*, the Supreme Court held that the final clause of subsection ii, the "residual clause" qualifying conduct that "presents a serious risk of physical injury to another," was too indeterminate to apply categorically, and found the clause unconstitutionally vague. *See Johnson*, 135 S.Ct. at 2558 ("[T]his Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy."). That void-for-vagueness determination is substantive, and thus applies retroactively to defendants who have already been sentenced. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

While permitting resentencing for those defendants whose convictions had rested on crimes deemed ACCA predicates under the residual clause, *Johnson* and *Welch* left intact the portions of § 924(e) that apply to offenses having force as an element (the "elements" clause), or those that are enumerated—burglary, arson, extortion, and explosives crimes. *See Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) ("*Johnson* does not affect the first portion of clause (ii) . . . and does not have anything to do with the proper classification of drug offenses or the operation of . . . the elements clause[.]"). Because courts apply the categorical approach to determine whether a defendant's offense of conviction matches § 924(e)(2)(B)(ii)'s definition of the enumerated offenses, including burglary, *Taylor*, 495 U.S. at 600, a conviction under a

state's burglary statute can only count as an ACCA predicate if the state's definition of burglary is as expansive as or narrower than the federal statute's. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Although § 924 does not say what it means by burglary, the Supreme Court determined that it means "generic" burglary: "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599.

This Court erred in determining that Robertson's four-count conviction for burglary in 1991, PSR ¶ 33, could count as an ACCA predicate, because that conviction was for Illinois burglary, which is too broad to count as generic burglary under the ACCA. Illinois burglary, currently codified at 720 ILCS 5/19-1, includes now and included as possible means of commission of the offense, at the time of Robertson's sentence, not only entry into structures, but also entry into vehicles and other locations.[2] *See* Ill. Rev. Stat. 1991, ch 38, ¶ 19-1; *United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) (noting that Illinois's burglary statute in the 1970s included locations other than buildings and thus was broader than generic burglary). By contrast, *residential* burglary, as the statute's name suggests, applies only to dwelling places, and does qualify as generic burglary under the ACCA. *See* 720 ILCS 5/19-3; *Dawkins v. United States*, 809 F.3d 953, 954 (7th Cir. 2016) (Illinois residential burglary is generic burglary).

Robertson's four-count conviction for burglary in 1991 falls under neither the elements nor the enumerated clause, as the parties agree. Therefore, it does not constitute a fourth and independently sufficient ACCA predicate, as the defendant's multiple other convictions did in *Swank v. United States*, No. 3:07-CR-131 RM, 2016 WL 1358458, at *3 (N.D. Ind. Apr. 5, 2016). As discussed below, the legality of Robertson's sentence does indeed turn on whether his

---

[2] Both parties argue that the description of Robertson's conviction at paragraph 33 of the PSR make clear that he burgled cars on this occasion. What matters under the categorical approach, however, is that his offense of conviction was broader than generic burglary. *Taylor*, 495 U.S. at 600.

7

conviction for attempted residential burglary counts as a violent felony under 18 U.S.C. § 924(e)(2)(B).

## II. Robertson's Conviction for Attempted Burglary

As Robertson's PSR makes clear, the parties' original agreement that he qualified for an enhanced sentence under the ACCA rested on three prior convictions: a 1990 conviction for burglary, PSR ¶ 31; a 1991 conviction for residential burglary, PSR ¶ 32; and a 1991 conviction for attempted residential burglary, PSR ¶ 34. It is this last conviction whose sufficiency to serve as an ACCA predicate the parties contest.

The government concedes that after *Johnson*, it is not possible, as it used to be, to argue that attempted residential burglary is inherently dangerous and thus a qualifying offense. *See United States v. Davis*, 16 F.3d 212, 218 (7th Cir. 1994) (holding that attempted Illinois burglary is inherently dangerous and thus a qualifying offense). However, the parties differ over whether attempted residential burglary can nonetheless qualify as enumerated burglary, and thus, whether *Johnson* has had the effect of making Robertson's conviction for attempted residential burglary ineligible as an ACCA predicate.

Robertson's argument is persuasive. He points out dictum in *James v. United States*, 550 U.S. 192 (2007), a pre-*Johnson* opinion, to the effect that attempted crimes by definition do not contain the same elements as completed crimes: "[Attempted burglary] is not 'burglary' because it does not meet the definition of burglary under ACCA that this Court set forth in *Taylor* . . . : 'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" 550 U.S. at 197 (quoting *Taylor*, 495 U.S. at 598); Am. Pet. 6–7. The *James* Court then noted parenthetically that the Florida crime of attempt required as an element that the defendant fail in the perpetration or be prevented in the execution. *Id.* (The reasoning

8

was dictum because the Court did not rely on it; instead, the Court found Florida attempted burglary to be inherently dangerous.) So here, Robertson argues. Illinois's attempt statute states that someone attempts to commit an offense when they, with intent to commit that offense, "[do] any act that constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4. While Illinois requires an offender to come closer to accomplishing his crime than some other jurisdictions, *see Davis*, 16 F.3d at 218, it is still logically true of an Illinois attempt that its elements must differ from the crime into which it merges if completed. That is, they must *lack* at least one element of completed burglary, or they would be burglary. It is presumably at least in part for this reason that the *Davis* and *James* courts took as a forgone conclusion the analytical difference between attempted burglary and burglary on their way to finding the former to be inherently dangerous.[3]

The government's response is unconvincing. After spending a page citing precedent that is adverse to it, from within and outside the Seventh Circuit, the government makes one argument: that the commentary to USSG §4B1.2 describes crimes of violence as including aiding and abetting, conspiring, and attempting to commit a crime of violence. Resp. Pet. 15. However persuasive that argument may once have been, it is surely diminished by the fact that since the government made it, burglary itself has been removed from the definition of "crime of violence" in the USSG. *See* 2016 USSG §4B1.2(a)(2). (It is perhaps for this reason that the government does not repeat its Guideline argument in responding to Robertson's motion for reconsideration.) It is difficult to take as persuasive authority on a question of statutory

---

[3] As the Supreme Court noted in finally jettisoning the "inherently dangerous" clause altogether, *James* illustrated how difficult, how "speculative (and how detached from statutory elements) [applying the clause] can become[.]" *Johnson*, 135 S.Ct. at 2258. If this is so, why would the courts in *James* and *Davis* have bothered to apply the residual clause if the solution the government now urges—attempted burglary is burglary—were clear and ready to hand?

9

interpretation about burglary Guidelines that no longer even include burglary as a qualifying offense.

Add to this the fact that the Guidelines are intended to guide sentencing discretion, not constrain it, and so are not, unlike statutory sentencing requirements, amenable to challenges for being unconstitutionally vague. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). The Guidelines can and do differ even from statutes that they are designed to conform to, like the ACCA, because they are guides to the discretion those statutes themselves afford. *See id.* The question in interpreting § 924(e) must rather be, as the categorical approach dictates, whether, in committing the offense in question, a defendant had to have completed the elements of generic burglary along the way. *Descamps*, 133 S. Ct. at 2283.

In attempting to complete the offense of residential burglary in Illinois, a defendant need not have accomplished all the elements of residential burglary; indeed, as explained above, by hypothesis a defendant has not done so, or his attempted burglary would just have merged into burglary.[4] *See United States v. Vasquez*, 867 F.2d 872, 875 (5th Cir. 1989) ("Thus, what the government characterizes as the crime of attempting to threaten the Pope merges into the completed crime of threatening the Pope, and cannot be punished separately."). And, as the government concedes, although no courts in this district have directly analyzed this question, at least one has assumed that attempted burglary does not qualify as an ACCA predicate after *Johnson*. *See Swank*, 2016 WL 1358458, at *3. And, as the government also rightly concedes,

---

[4] Judge Hamilton's concurrence in *Morris v. United States*, 827 F.3d 696, 698 (7th Cir. 2016), upon which the government relies in its response to the motion to reconsider, is not to the contrary. In concurring with the court's decision to authorize a successive § 2255 petition, Judge Hamilton noted that it was insufficiently developed in the briefing at that phase whether an attempt to commit a crime of violence under § 924(e) that qualified under the *elements* clause qualified as a crime of violence itself. Judge Hamilton expressed skepticism as to whether such an attempt must not itself necessarily involve a violent element, since attempt requires the specific intent to commit each element of the offense, including the violent ones, and a substantial step. *Id.* In other words, at least some of the elements partake of the physical force that qualifies the completed crime as a crime of violence. Matters are different with the enumerated clause, however, where conduct will qualify *if and only if* it includes all of the elements of the completed offense, rather than sharing one or more that are violent.

several courts outside of the Seventh Circuit have considered the issue with varying degrees of scrutiny, and also determined that attempted burglary is not burglary as enumerated in the statute. *See United States v. Munoz-Navarro*, 803 F.3d 765, 766 (5th Cir. 2015); *Moore v. United States*, No. 3:10-CR-55-TAV-CCS-1, 2016 WL 482030, at *2 (E.D. Tenn. Feb. 5, 2016); *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *10 (E.D. Mich. Sept. 30, 2015). For these reasons, this Court finds that attempted residential burglary in Illinois does not qualify as "burglary" within the meaning of 18 U.S.C. § 924(e)(2)(B)(ii).

The government opposes Robertson's petition on two other grounds: that he has waived his right to file a collateral attack by waiving that right as part of his plea agreement; and that he has procedurally defaulted that right. Resp. Pet. 6–10. However, the government appears to raise these arguments as mere formalities, because it indicates that, "should this Court conclude that the petitioner's ACCA claim is meritorious, the United States will affirmatively waive the petitioner's procedural bars to relief, including waiver and procedural default, as described further below." *Id.* at 7. The Court has so concluded. Execution of a collateral attack waiver and procedural default are affirmative defenses available to the government, not limits on the Court's jurisdiction, and the government may waive them by not asserting them. *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004). The Court thus deems these arguments waived.

Because Robertson's conviction for attempted residential burglary can only have counted as an ACCA predicate violent felony under the residual clause, and because *Johnson* invalidated that clause and *Welch* made relief under *Johnson* retroactive, Robertson is entitled to relief from his enhanced mandatory minimum sentence.

## CONCLUSION

Accordingly, the Court GRANTS Robertson's motion for reconsideration, ECF No. 13, and sets aside its previous denial of his amended petition to set aside his original sentence pursuant to 28 U.S.C. § 2255, ECF No. 6.[5] The Court VACATES Robertson's sentence. Additionally, Robertson's motion to cite authority, ECF No. 16, is MOOT.

Entered this 31st day of August, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE

---

[5] Although the Court ordered judgment to enter on July 24, 2017, judgment has not entered. In any case, the Court's grant of the motion under Rule 60(b) operates to the same effect whether or not judgment has entered.